UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ELMER D. CHARLES, JR., also known as ANASTAISA RENEE., <br><br> Plaintiff, <br><br> v. <br><br> RON NEAL, <br><br> Defendant. | CAUSE NO. 3:20-CV-599-RLM -MGG |

OPINION AND ORDER

Elmer D. Charles, Jr., also known as Anastasia Renee, an inmate proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. The court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Ms. Renee, an inmate at Indiana State Prison, alleges that she was born a male but identifies as a female.[1] She alleges that she was granted a gender marker change in state court in September 2019. She claims that Warden Ron

---

[1] Out of respect to Ms. Renee, the court uses her preferred name and female pronouns when referring to her in this opinion.

Neal nevertheless refuses to recognize her gender change or permit staff to address her as a female, refuses to permit her to wear women's clothing and makeup, and has denied her request to be transferred to a women's prison. She alleges that this constitutes deliberate indifference to her need for accommodations as a transgender inmate. She seeks both monetary damages and injunctive relief related to these accommodations.

Gender dysphoria is "an acute form of mental distress stemming from strong feelings of incongruity between one's anatomy and one's gender identity." Campbell v. Kallas, 936 F.3d 536, 538 (7th Cir. 2019); *see also* Meriweather v. Faulkner, 821 F.2d 408, 411-412 (7th Cir. 1987). It is recognized as psychiatric disorder by the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, and constitutes a serious medical need for purposes of the Eighth Amendment. Mitchell v. Kallas, 895 F.3d 492, 498 (7th Cir. 2018); Fields v. Smith, 653 F.3d 550, 553 (7th Cir. 2011). "The accepted standards of care [for gender dysphoria] dictate a gradual approach to treatment beginning with psychotherapy and real life experience living as the opposite gender." Fields *v.* Smith, 653 F.3d at 553-554. For a number of individuals, this treatment may be effective in controlling feelings of dysphoria. *Id.* For others with a more severe form of the disorder, hormone therapy or gender reassignment surgery may be necessary. *Id.*

Ms. Renee alleges that she is a transgender inmate who identifies as a female, but Warden Neal won't recognize her as a female, permit staff to use female pronouns when addressing her, or allow her to transfer to a women's

prison so that she doesn't have to shower and use the restroom with male inmates. She alleges that this is causing her significant emotional distress. Giving her the inferences to which she is entitled at this stage, she has alleged a plausible Eighth Amendment claim against Warden Neal.

She also alleges that she's being denied the opportunity to wear makeup and order women's hygiene items at the male prison where she is housed, which she claims violates her right to free expression under the First Amendment. She already asserted those same allegations in an earlier-filed case filed against Warden Neal. *See Renee v. Neal*, 3:18-cv-592-RLM (N.D. Ind. filed Aug. 6, 2018). It is considered "malicious" to assert duplicative claims against the same defendant in multiple lawsuits. *See* 28 U.S.C. § 1915A; Lindell v. McCallum, 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of 28 U.S.C. § 1915 if it is "intended to harass" or otherwise abusive of the judicial process); Pittman v. Moore, 980 F.2d 994, 994-995 (5th Cir. 1993) (holding that it is malicious for a plaintiff with *in forma pauperis* status to file a lawsuit that duplicates allegations of another pending lawsuit brought by the same plaintiff); *see also* Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993) (holding that "a federal suit may be dismissed for reasons of wise judicial administration" when it duplicates claims in another pending lawsuit). She won't be permitted to proceed on that claim in this case.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Warden Neal under the Eighth Amendment in his personal capacity for monetary damages for refusing

to recognize her as a female and denying her request to be transferred to a women's prison even though she identifies as a female, and in his official capacity for permanent injunctive relief related to her need for these accommodations;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to send a Waiver of Service request to (and if necessary, the United States Marshals Service to serve process on) Warden Neal, along with a copy of this order and the amended complaint (ECF 10), pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service, to the extent such information is available; and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Warden Neal respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 30, 2020

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT