UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ELMER D. CHARLES, JR., also known as ANASTAISA RENEE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RON NEAL,<br><br>　　　　　Defendant. | CAUSE NO. 3:20-cv-599-RLM-MGG |

OPINION AND ORDER

Anastaisa Renee, also known as Elmer D. Charles, Jr., a prisoner without a lawyer, brings this action under 42 U.S.C. § 1983. Ms. Renee was born a male but identifies as a female.[1] She is proceeding in this case "against Warden Neal under the Eighth Amendment in his personal capacity for monetary damages for refusing to recognize her as a female and denying her request to be transferred to a women's prison even though she identifies as a female, and in his official capacity for permanent injunctive relief related to her need for these accommodations[.]" ECF 13 at 3-4. Ms. Renee alleged in her complaint that Warden Neal won't recognize her as a female, permit staff to use female pronouns when addressing her, or allow her to transfer to a women's prison. Ms. Renee filed a motion for summary judgment that is briefed, as is Warden Neal's cross-motion for summary judgment.

---

[1] Ms. Renee was granted a gender marker change in state court in September 2019. ECF 30 at 19-20. Out of respect, the court uses her preferred female name and pronouns throughout this opinion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion can't rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." Trade Fin. Partners, LLC v. AAR Corp., 573 F.3d 401, 407 (7th Cir. 2009).

Ms. Renee argues Warden Neal has violated her Eighth Amendment rights by (1) failing to protect her from other offenders, and (2) acting with deliberate indifference to her serious medical need.

### *Failure to Protect*

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands

of other prisoners." *Id*. at 833. "[T]o state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." Santiago v. Walls, 599 F.3d 749, 756 (7th Cir. 2010) (quotation marks omitted). Deliberate indifference is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). The plaintiff must establish that the defendant "had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." Santiago v. Walls, 599 F.3d at 756.

In the context of failure to protect cases, "substantial risk" means "risks so great that they are almost certain to materialize if nothing is done." Brown v. Budz, 398 F.3d 904, 911 (7th Cir. 2005). In such cases, "a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." Pope v. Shafer, 86 F.3d 90, 92 (7th Cir. 1996). "[T]hat an inmate sought and was denied protective custody is not dispositive of the fact that prison officials were therefore deliberately indifferent to his safety." Lewis v. Richards, 107 F.3d 549, 553 (7th Cir. 1997). "Exercising poor judgment . . . falls short of meeting the standard of consciously disregarding a known risk to his safety." *Id.* at 554.

3

The undisputed facts show Warden Neal has made Ms. Renee several accommodations at Indiana State Prison based on her gender identity but has continuously denied her requests to transfer to a woman's prison. Ms. Renee has identified as a female before and throughout her incarceration at ISP. ECF 30 at 20; ECF 38-12 at 5. In May 2017, ISP approved Ms. Renee's request to shower separately from other offenders. ECF 38-1. In September 2018, a Transgender/Intersex Placement Review was conducted and determined Ms. Renee's placement at ISP was appropriate. ECF 38-2. In support of its decision, the committee cited Ms. Renee's conviction for sexually assaulting a female taxi driver and various past incidents in which she allegedly made false allegations of sexual assault against other inmates, all of which Ms. Renee disputes.[2] *Id.*; ECF 51 at 14-20. The committee also noted Ms. Renee had been transferred to a single-person cell facility at ISP. ECF 38-2 at 2. In September 2018, Warden Neal approved Ms. Renee to place a curtain up in her cell while changing clothes or attending to personal hygiene. ECF 38-3. In January 2019, Ms. Renee requested a transfer to a woman's prison and was denied. ECF 30 at 25. In June 2019, another Transgender/Intersex Placement Review was conducted and determined that Ms. Renee's placement at a male facility was appropriate. ECF 38-5.

---

[2] Ms. Renee is serving a lengthy sentence after pleading guilty to the rape of a female taxi driver and was found in that case to be a repeat sexual offender. *See* Charles v. State, 900 N.E.2d 82 (Ind. Ct. App. 2008). Ms. Renee will therefore be prevented in this case from disputing she sexually assaulted a female taxi driver. *See* Heck v. Humphrey, 512 U.S. 477 (1994) (barring a plaintiff from collaterally attacking a criminal conviction through the vehicle of a civil suit).

On September 16, 2019, an Indiana state court granted Ms. Renee's petition for a gender marker to legally change her birth certificate gender from male to female. ECF 30 at 19-20. Ms. Renee then filed a grievance notifying ISP of the court order and asking that her classification be changed to female. ECF 30 at 10. This grievance was denied because Ms. Renee was "appropriately classified at this time." ECF 30 at 10. In December 2019, a Sexual Violence Assessment was conducted and Ms. Renee voiced no concerns of sexual abuse while incarcerated. ECF 38-8 at 3. In February 2020, Ms. Renee submitted an informal grievance requesting a transfer to a woman's prison, which was denied. ECF 30 at 21-22. In January 2021, another Sexual Violence Assessment was conducted and Ms. Renee voiced no concerns of sexual abuse while incarcerated. ECF 38-9 at 3. Another Sexual Violence Assessment was conducted in May 2021, and Ms. Renee indicated she felt threatened by the shower arrangements but otherwise felt no threat to her safety. ECF 38-10.

Warden Neal argues that Ms. Renee has offered no evidence he was aware of a specific threat to her safety. Ms. Renee responds that Warden Neal violated her Eighth Amendment rights by placing her in a violent cell house and denying her transfer requests despite knowing she feared for her safety. Ms. Renee attests that she wrote numerous letters to Warden Neal requesting a transfer because she feared for her safety. This only shows Warden Neal was aware Ms. Renee had general fears for her safety. Ms. Renee must provide evidence Warden Neal was aware of a specific threat to her safety. *See* Pope v. Shafer, 86 F.3d at 92. Ms. Renee asserts she was sexually abused and sexually assaulted several times but provides no evidence (apart

5

from her own statements) that these incidents occurred or that Warden Neal was ever made aware of these incidents. Ms. Renee also asserts she was attacked "for living as a female" in December 2020, but this incident occurred after Ms. Renee filed this case and there is no evidence Warden Neal was aware of any specific threat to Ms. Renee's safety in regard to this incident.

Because the record shows that Warden Neal made Ms. Renee various accommodations such as allowing her to live and shower separately from other offenders, and Ms. Renee provides no evidence Warden Neal was ever aware she faced a specific threat to her safety so great it would be almost certain to materialize if she wasn't transferred, no reasonable jury could conclude Warden Neal acted with "a total unconcern for [Ms. Renee's] welfare in the face of serious risks" by denying her transfer requests. *See* Duane v. Lane, 959 F.2d at 677. Summary judgment is warranted in favor of Warden Neal on this sub-claim.

*Deliberate Indifference to Medical Need*

Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) her medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Gender dysphoria is "an acute form of mental distress stemming from strong feelings of incongruity between one's anatomy and one's gender identity." Campbell v. Kallas, 936 F.3d 536,

538 (7th Cir. 2019). Warden Neal doesn't dispute that Ms. Renee's gender dysphoria is a serious medical condition, so it only remains to be determined whether Warden Neal was deliberately indifferent to Ms. Renee's gender dysphoria. To make this showing, Ms. Renee must establish Warden Neal "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted).

"The accepted standards of care [for gender dysphoria] dictate a gradual approach to treatment beginning with psychotherapy and real life experience living as the opposite gender." Fields v. Smith, 653 F.3d 550, 553-554 (7th Cir. 2011). For a number of patients, this treatment may be effective in controlling feelings of dysphoria. Id. at 554. When the condition is more severe, hormone therapy may be necessary. Id. "In the most severe cases, sexual reassignment surgery may be appropriate." Id. "[N]o case clearly establishes that denying treatment [for gender dysphoria] beyond hormone therapy is unconstitutional[.]" Campbell v. Kallas, 936 F.3d at 549.

Warden Neal argues the undisputed evidence shows Ms. Renee has received constitutionally adequate medical care for her gender dysphoria because she has received female hormone therapy since 2014, resides in a single-person cell facility, can use a curtain to get dressed and attend to personal hygiene, and showers

7

separately from the general population. Ms. Renee responds that Warden Neal has been deliberately indifferent to her gender dysphoria by referring to her and allowing prison staff to refer to her using masculine pronouns. Ms. Renee argues the World Professional Associate for Transgender Health ("WPATH") has dictated medically accepted standards of care for treating gender dysphoria, which includes the use of feminine pronouns and being referred to as a female, but she doesn't point to any evidence from WPATH or from any other medical source indicating the appropriate standards of care for gender dysphoria. Moreover, Ms. Renee points to no evidence Warden Neal was aware of and consciously violated these standards of care. There is simply no evidence in the record by which a reasonable jury could conclude Warden Neal knew Ms. Renee was at serious risk of being harmed by the use of masculine pronouns. *See* Board v. Farnham, 394 F.3d at 478. Because there is no evidence Warden Neal acted in an intentional or criminally reckless manner, summary judgment is warranted in his favor on this sub-claim.

Warden Neal alternatively argues he is entitled to qualified immunity because there is no clearly established case law holding an inmate has a constitutional right to the use of their preferred pronouns. "Qualified immunity protects government officials from civil liability when performing discretionary functions so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Alvarado v. Litscher, 267 F.3d 648, 652 (7th Cir. 2001) (internal quotation marks and citation omitted). To overcome a qualified immunity defense, "a plaintiff must show the deprivation of a constitutional right,

8

and must also show that the right was clearly established at the time of the violation." Walker v. Benjamin, 293 F.3d 1030, 1037 (7th Cir. 2002) (citing Alvarado v. Litscher, 267 F.3d at 652). Because the court of appeals has held that "no case clearly establishes that denying treatment [for gender dysphoria] beyond hormone therapy is unconstitutional," Warden Neal is entitled to qualified immunity on Ms. Renee's claim for money damages. See Campbell v. Kallas, 936 F.3d at 549; Volkman v. Ryker, 736 F.3d 1084, 1091 (7th Cir. 2013) (qualified immunity does not apply to claims for injunctive relief). Thus, Warden Neal is entitled to summary judgment on this sub-claim on the merits, and is alternatively entitled to qualified immunity on this sub-claim to the extent Ms. Renee seeks monetary damages.

Summary judgment is warranted in favor of Warden Neal on both of Ms. Renee's claims. The court:

(1) DENIES Ms. Renee's motion for summary judgment (ECF 31);

(2) GRANTS Warden Neal's cross-motion for summary judgment (ECF 38); and

(3) DIRECTS the clerk to enter judgment in favor of Warden Neal and against Elmer D. Charles, Jr.

SO ORDERED on April 12, 2022

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT